**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 23-CR-237 (CJN)** |
| | **:** | |
| **ALAN ST. ONGE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' MOTION TO REVOKE RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby respectfully moves the Court pursuant to 18 U.S.C. § 3148(b)

to issue a bench warrant for the defendant, Alan St. Onge, for violations of the terms of his pre-

trial release, to revoke his pre-trial release order, and to detain him pending the case proceedings

in this matter.

**BACKGROUND**

**I.      The Defendant's Actions on January 6, 2021**

On January 6, 2021, the defendant traveled from North Carolina to Washington, D.C. At

approximately 1:15 p.m., the defendant was located on the East Plaza on the East Front of the

United States Capitol. At approximately that time, the crowd began to agitate against the line of

barricades that the police had used to establish a restricted perimeter. The defendant reached

forward, grabbed one of the barricades, and began to push and pull it. In a separate effort, the

defendant turned his back to a metal barricade and, using the considerable mass of his body, pushed

it against the police on the other side who were resisting his efforts and trying to hold the police

line. The police barricade on the East Front was eventually breached by the rioters who surged

toward the Capitol building.

By 2:12 p.m., the defendant had made his way around the Capitol to the West Plaza where

1

a large crowd was fighting with police to get closer to the building. The defendant stood at the police line and witnessed the violence against the police. As the police retreated from the West Front, the defendant, along with many other rioters, advanced. Specifically, the defendant followed the retreating police up to the Lower West Terrace and into the entryway into the building known as "the tunnel." The defendant approached or entered the tunnel three separate times: 1) at 2:55 p.m., he stood outside of the tunnel, passed stolen police equipment through the crowd, passed water bottles up to the rioters assaulting police in of the tunnel, and helped push a rioter through the crowd into the tunnel; 2) at 3:09 p.m., he entered the tunnel and joined the rioters who were pushing in synchronized movements against the police inside the tunnel before exiting the tunnel at 3:11 p.m.; and 3) at 3:16 p.m., he joined the crowd in the tunnel for a second time and joined in their unified movements against police, once again using his considerable size to his advantage by putting his entire bodyweight behind the crowd as they pushed against police. The defendant was forced out of the tunnel by police at approximately 3:18 p.m.

## II.     Criminal Charges Against the Defendant and his Current Release Conditions

On April 1, 2023, the defendant was charged by criminal complaint with the following charges:

- 18 U.S.C. § 231(a)(3) – Civil Disorder;
- 18 U.S.C. § 1752(a)(1) – Entering & Remaining in a Restricted Building or Grounds;
- 18 U.S.C. § 1752(a)(2) – Disorderly & Disruptive Conduct in a Restricted Building or Grounds; and
- 40 U.S.C. § 5104(e)(2)(E) – Impeding Passage Through the Capitol Grounds or Buildings.

Dkt. Entry 1.

On June 16, 2023, the defendant was arrested near his home in Brevard, North Carolina. Dkt. Entry 15. Following his arrest, the defendant appeared before a U.S. Magistrate in the

Western District of North Carolina, where he was informed of the charges against him and his

rights, and he agreed to waive both an identity and preliminary hearing.  On June 29, 2023, the

defendant appeared before U.S. Magistrate Judge Zia M. Faruqui in the District of Columbia.

The government did not oppose the defendant's release on conditions, and the Court ordered the

defendant released subject to certain conditions set out in the Court's Order Setting Conditions

of Release. Dkt. Entry 35.  The release conditions included that "the defendant must not violate

federal, state, or local law while on release" *Id*.

III.    **The Defendant's Violation of his Pre-trial  Release  Conditions  and Material Change in Circumstances.**

On November 23, 2023, the defendant was arrested in Asheville, North Carolina, by local

law enforcement authorities for assaulting two people. *See* Exhibit A, Asheville Police Department

Report (filed under seal and redacted). According to local police paperwork, at approximately 9:43

p.m., police were called to the 27 Club, a bar located in Asheville, for a report of assault. Upon

arriving at the bar, police spoke with Victim-1, who reported that she had been in the bar with

Victim-2 and a third person. Victim-1 reported that she observed the defendant harassing another

woman in the bar. When the woman denied the defendant's advances, the defendant walked up to

Victim-1 and Victim-2 and asked Victim-1 to make a bet on "who would fuck her first." Victim-

1 responded that the defendant needed to stop harassing the woman. The defendant then picked up

an ashtray and threw it at Victim-1, striking her in the chest. Victim-1 threw a cup of water at the

defendant, who then punched Victim-1 in the throat, causing scratch marks, bleeding, and bruising

to her throat. Victim-2 then intervened and told the defendant to leave Victim-1 alone. The

defendant pushed Victim-2 to the ground and then began to kick him and stomp on his chest.

Witness-1 called the police, told the defendant that he had done so, and instructed the defendant,

"If you believe that you are in the right, you'll wait for the police." The defendant then fled the

scene in his vehicle. According to a criminal history records check, as the defendant was fleeing the scene, he was pulled over by police and arrested for driving under the influence. Back at the 27 Club, police were able to identify the defendant as Victim-1's and 2's assailant because, prior to leaving the bar, he paid his tab with a credit card bearing his name and presented an identification card with a matching name.

The defendant was charged with violating several provisions of the North Carolina General Statutes, including Assault on a Female in violation of § 14-33(c)(2), Simple Assault in violation of § 14-33(a), and Driving While Impaired in violation of § 20-138.1. In connection with the offense of driving while impaired, he was also charged with two moving violations for failing to stop at a flashing light and driving left of center. On just the top assault charge, the defendant faces up to 150 days of incarceration. The defendant is presently released on $3,000 unsecured bond. On December 5, 2023, the Pretrial Services Agency for the District of Columbia entered a notice of violation against the defendant in which they recommended that his conditions of release be revoked. Dkt. Entry 88 at 4.

## ARGUMENT

### I.      Applicable Law

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court, the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

> (1)      finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on

4

release; or (B) clear and convincing evidence that the person has violated any other condition of release; and

(2)      finds that – (A) based on the factors set forth in section 3142(g) . . . , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to  abide by any condition or combination of conditions of release.

*Id*. Significantly, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, *a rebuttable presumption arises* that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id*. (emphasis added).  Moreover, the judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

Given the defendant's recent arrest and additional criminal charges, or, alternatively, the clear and convincing evidence that he violated the condition that he not drink excessively, the government moves to revoke the defendant's release conditions and asks the Court to issue a bench warrant for his arrest.

## II.      The Defendant has Violated his Conditions of Release and Poses a Serious Risk of Danger to the Community and Flight from Prosecution.

The defendant's release conditions provide "the defendant must not violate federal, state, or local law while on release" ECF 35 at 4.  The defendant has plainly violated this condition. After Victim-1 told him to stop harassing patrons in the bar, the defendant struck her with an ashtray and then punched her in the throat, leaving visible injuries to her neck. When Victim-2 intervened, the defendant knocked him to the ground, used his considerable mass (the police report states he is 6'4" and weighs 320 pounds) and stomped on Victim-2's chest and kicked him. When told that the police had been called, he then fled from the scene, only to be arrested for driving under the influence and thus violating the conditions of his release for at least the third time in a single day.

5

"Probable cause exists if a reasonable and prudent police officer would conclude from the totality of the circumstances that a crime has been or is being committed." *United States v. Holder*, 990 F.2d 1327, 1147 (D.C. Cir. 1993). Here, there is clear probable cause that the defendant assaulted Victim-1 and Victim-2, as both victims described him and his assaults against them. Moreover, the officers' observations at the scene support the finding of probable cause because they observed the victims' injuries and the defendant's identifying information on the credit card he used to pay his bar tab. The defendant's drunken flight from the scene of the assault also supports revoking his conditions of release.

Once the court finds, pursuant to 18 U.S.C. § 3148(b), that there is probable cause that the defendant violated a federal, state, or local law while on pre-trial release, then the judicial officer "*shall* enter an order of revocation and detention" (emphasis added) if "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of another or person or the community." 18 U.S.C. § 3148(b)(2)(A). The defendant clearly poses both a danger to the community and a flight risk. While on pre-trial release facing serious charges arising from his actions as part of the riot at the Capitol, he went to a bar on Thanksgiving Day, verbally harassed a female patron, then physically assaulted another female patron *twice* by throwing an ash tray at her and punching her in the throat. After these two assaults, he committed a third assault on yet another patron by pushing him to the ground and—using his 320-pound weight—stomping on his chest. He also poses a risk of flight because he fled from the scene when he discovered that someone had called police, only to be arrested for driving under the influence.[1]  Drunk driving poses a danger to other drivers on the road and any pedestrians who are

---

[1] The defendant's conditions of release also prohibit him from using alcohol "excessively." Dkt. Entry 35 at 2. This is yet more cause to detain the defendant because he violated this condition when he drank to excess and was pulled over and arrested for driving under the influence. In itself, the arrest for drunk driving is evidence of him violating his condition of relief regarding alcohol.

on or near the road; defendant's decision to drive while under the influence demonstrates that he poses still further danger, especially considering that he accrued two other moving violations in the process and did so while in active flight from the scene of a crime .

Due to the privacy concerns associated with the allegations against the defendant, the government is filing supporting documentation from local police under seal but expects to seek partial unsealing at a later date.

WHEREFORE, the government respectfully requests that this Court issue a bench warrant for the defendant, pursuant to 18 U.S.C. § 3148(b), for violating his pre-trial release, issue an order revoking his pre- trial release, and order the defendant detained pending resolution of his case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:  *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney
Illinois Bar No. 6316768
601 D Street NW
Washington, D.C. 20530
Kaitlin.klamann@usdoj.gov