IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 23-mj-111 |
| | ) | |
| vs. | ) | Defendant's Response in |
| | ) | Opposition to the Government's |
| | ) | Motion to Revoke Release Order |
| ALAN MICHAEL ST.ONGE, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Alan Michael St. Onge, by and through his undersigned attorney, respectfully responds opposing the Government's Motion to Revoke Release Order filed on December 6, 2023. (ECF 89). Mr. St. Onge opposes the issuance of a bench order and revocation of his pre-trial release. In support thereof, he states the following:

**I.   Background**

Alan St. Onge is a resident of Brevard, Transylvania County, North Carolina. Upon his arrest in the instant case on June 16, 2023, he appeared before a United States Magistrate in the Western District of North Carolina and was released following Rule 5 proceedings.

Undersigned counsel appeared with Mr. St. Onge before U.S. Magistrate Judge Zia M. Faruqui in the District of Columbia on July 6, 2023.[1] At that hearing, the government did not move for the detention of Mr. St. Onge and the Court entered an Order Setting Conditions of Release with standard release conditions. (ECF 35).

---

[1] The Government's motion references June 29, 2023, but the Court rescheduled the arraignment hearing to July 6, 2023.

Since his initial appearance, Mr. St. Onge has appeared before this Court, with counsel, for an arraignment on the Indictment and two (2) status conferences in this matter. Mr. St. Onge has reported weekly to his pretrial services officer in the Western District of North Carolina, and as reported to the Court in the Pretrial Compliance Report filed on November 13, 2023, he has not had any positive drug screens or any other violations. (ECF 83).

Mr. St. Onge was arrested on Thanksgiving night, November 23, 2023 in Transylvania County, in the Western District of North Carolina on misdemeanor charges of Assault and Driving While Impaired. Following his arrest, he was released on unsecured bond and notified his WDNC Pretrial Services Officer on Monday, November 27, 2023. The Government alleges Mr. St. Onge's arrest constitutes a violation of a condition or conditions of his release, and as a result, he should be detained.

**II.    Applicable Law**

If a defendant, subject to an order of conditions of release, is alleged to have violated a condition of release the applicable statute is 18 U.S.C. §3148 titled Sanctions for violation of a release condition. 18 U.S.C. §3148 lists the available sanctions as revocation of release, detention, and a prosecution for contempt of court. The availability of these sanctions is triggered by the procedure in 18 U.S.C. §3148(b) allowing the Government to initiate a proceeding for revocation upon the filing of a motion with the district court. This response is provided in opposition to the Government's motion.

The statute goes on to state that "[a] judicial officer *may* issue a warrant for the arrest of a person charged with violating a condition of release…" (*id*) and the

government seeks an arrest warrant as relief in the motion [emphasis added]. Regardless of whether a warrant is issued, a defendant cannot be detained unless, "*after a hearing*, a judicial officer –

(1) Finds that there is-

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; **and**

(2) finds that –

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release." (*id*).

Interestingly, the government included the final clause of §3148 regarding a rebuttable presumption for alleged violations of a federal, state, or local *felony,* despite noting Mr. St. Onge's alleged violations are misdemeanors, not felonies, so no such presumption applies.

**III.    A Warrant for Arrest is Unnecessary**

Presumably, the government is asking this Court to issue an immediate warrant for Mr. St. Onge's arrest, prior to an evidentiary hearing on the alleged violations of release conditions.

While this Court can, in its discretion, order a bench warrant, Mr. St. Onge respectfully urges this Court to allow him to report to any hearing on his own accord.

Mr. St. Onge has no history of failing to appear in court, and he has been present for all hearings in the instant case. Further, he has consented to appearing virtually for such hearings during the period of COVID considerations and since the expiration of those measures as a convenience to himself, counsel, and the Court. Mr. St. Onge has resided in the same home, with family, in his community for the last four (4) years. He is employed full-time as a qualified mental health professional and has reported to his pretrial services officer weekly since June 16, 2023.

The Defendant will appear for any hearing before this Court as scheduled.

## IV.     Arrests Alone Are Not Probable Cause

The government asserts Mr. St. Onge's arrest on misdemeanor charges in the State of North Carolina "plainly violates" the condition that he no violate federal, state, or local law while on release. Mr. St. Onge respectfully disagrees.

While the government's motion is replete with salacious quotes from alleged victims, the charges are unproven allegations that Mr. St. Onge intends to contest. The allegations of assault, while troubling, are decidedly one-sided and must be addressed in the state district courts of North Carolina. Essentially, the misdemeanor assault charges arose from an apparent difference of opinion in an Asheville bar. At present, the only version of the events of that Thanksgiving night comes from the alleged victims, as told to the responding officer who was summoned by the bar owner.

Now that Mr. St. Onge is facing these state charges, he must deal with them within the confines of a North Carolina courtroom. He cannot and should not be forced

to elaborate or explain his actions that night in this proceeding. Unless or until those become convictions, he is presumed innocent.

Even if this Court assumes these arrests rise to the level of probable cause that he committed a new law violation, the Court's inquiry would not end there. 18 U.S.C. §3128(b) provides that before ordering revocation of release and detention, the Court must find no condition or combination of conditions exist that will assure Mr. St. Onge will not flee or pose a danger to the safety of another person or the community.

### V.  Mr. St. Onge Should Not Be Detained.

The government makes several assertions regarding Mr. St. Onge's alleged danger to the community and purported flight risk. However, at no time prior to this motion, yet while facing "serious charges arising from his actions as part of the riot at the Capitol" (ECF 89 at 6), has the government sought to detain Mr. St. Onge. The offense conduct he faces in the instant case is not subject to the mandatory detention provisions of 18 U.S.C. §3142(e)(3), nor did the government previously move for detention pursuant to 18 U.S.C. §3142(f)(2).

The government's sole argument assertion is that Mr. St. Onge's arrests for assault and DUI constitute such egregious behavior that it makes him not only a danger to society, but also, inexplicably, a flight risk.

The government, in an afterthought footnote, also seems to allege that if they fail to show probable cause for the Thanksgiving charges, the DUI arrest would constitute a violation of the condition that Mr. St. Onge not use alcohol "excessively" (*id*) and that alone should result in his detention. This is particularly troublesome because there is a condition of release that could be imposed by this court to address "excessive use of

alcohol," namely imposing the condition of release that Mr. St. Onge not consume alcohol at all.

Additionally, Mr. St. Onge is subject to the condition that he "submit participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed" (ECF 35).[2] Immediately following his notification of his arrest to his supervising pretrial services officer, she set up an initial intake for a substance abuse assessment and directed Mr. St. Onge attend. Mr. St. Onge presented himself at the intake appointment this week, and he is scheduled for an assessment on December 19, 2023 in the WDNC.

Again, while the assault allegations are troubling, they remain allegations and the existence of charges does not make Mr. St. Onge a danger to others or the community. He was not jailed on any of the charges by the State of North Carolina, and he received an unsecured bond.

The government's recitation of the alleged victims account does little to show danger, and it appears to be gilded by added details of Mr. St. Onge's physical stature. Without any details of the physical size or characteristics of the alleged victims (none were included in the police report received), the government relies heavily on Mr. St. Onge's height and weight statistics from his North Carolina Drivers license as evidence of his danger. The argument appears to be that Mr. St. Onge is a big guy, so if he allegedly assaults someone it must be more dangerous than the average person. Mr. St. Onge's physical stature does not make him a danger any more than unproven allegations of a bar altercation make him one.

---

[2] This condition also addresses the government's arguments regarding the danger to the community. Significantly, the State of North Carolina suspends the driver's license of anyone charged with DUI.

The government also elaborates on the details to extrapolate that Mr. St. Onge is a flight risk from prosecution, because he left a bar *after paying his tab* and drove home. To extrapolate Mr. St. Onge would be flight risk from the instant case, a case where he has an attorney, has actively engaged in negotiations with the government, and appeared for all court hearings as well as weekly contact with a supervising probation officer, is a far reach.

WHEREFORE, the Defendant, Alan St. Onge, respectfully requests this Court refrain from issuing a bench warrant and hold an evidentiary hearing pursuant to 18 U.S.C. §3148(b) regarding the alleged violations of the conditions of release.

Respectfully Submitted,

/s/Renae Alt-Summers
Renae Alt-Summers
DC Bar ID # SC0011
3608C Landmark Drive
Columbia, SC 29204
(828) 243-5253
raltsummers@gmail.com

Columbia, South Carolina
December 8, 2023